## B. N. INMAN v. STATE.

191 So. 13
Division B
(Information No. 11324)
Opinion Filed June 30, 1939
Rehearing Denied September 25, 1939

*Carlton C. Arnow,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Defendant in Error.

CHAPMAN, J.—On August 13, 1937, B. N. Inman, plaintiff in error, was informed against in the Criminal Court of Record of Duval County, Florida, by the county solicitor of said county, charging him with obtaining money under false pretenses. There was a motion to quash and a motion for

a bill of particulars directed to the information, and the same were by the trial court overruled and denied. The defendant below was arraigned and entered a plea of not guilty to the information. The case was tried on the 7th day of February, 1938, and the jury found the defendant guilty, and he was by the trial court sentenced to the State prison at hard labor for a period of fifteen months. From this judgment of conviction an appeal has been perfected to this Court.

Counsel for plaintiff in error assigns as error: (a) the order denying a motion to quash the information; (b) the order of the court denying the motion for a bill of particulars; (c) the order of the court denying the defendant's motion for a directed verdict; (d) the order denying defendant's motion for a new trial. Likewise, certain charges or instructions to the jury given, as well as those refused have been assigned as error here.

We have carefully examined the transcript of the record and the assignments of error have each been considered. We do not think or believe it necessary to consider separately each of these assignments. The briefs of counsel and citations of authorities have been examined and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the judgment and that the final judgment entered by the Criminal Court of Record of Duval County should be and the same is hereby affirmed.

It is so ordered.

TERRELL, C. J., and WHITFIELD and THOMAS, J. J., concur.

BROWN and BUFORD, J. J., dissent.

BUFORD, J. (dissenting).—I think the motion to quash

the information should have been granted because it fails to charge any offense against the laws of the State of Florida.

The information attempted to charge a violation of Section 5155 R. G. S., 7258 C. G. L. It is my opinion that the information does not meet the requirements of the rule stated in Clifton v. State, 76 Fla. 244, 79 So. 707.

It appears to me that the clear implication of the language of the information is that the alleged victim parted with the money mentioned relying on the promise of the accused that he, the accused, would procure from the owner of certain property a deed conveying the same to the alleged victim.

The information does not allege that the accused pretended to, or represented to, the alleged victim that he, the accused, had authority to bind the owner to sell and convey the property.

The information charges an immoral act on the part of the accused but not such an act as it within the purview of the statute, *supra*.

BROWN, J., concurs.